IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

           Plaintiff,

   v.

ROBERT W. LETTENMAIER, LESLIE
LETTENMAIER, and ALL OCCUPANTS OF
17878 SOUTHEAST SCRUTTON LANE,
MILWAUKIE, OR 97267,

           Defendants.

No. CV-11-165-HZ

ORDER

John M. Thomas
ROUTH CRABTREE OLSEN, P.C.
11830 S.W. Kerr Parkway, Suite 385
Lake Oswego, Oregon 97035

     Attorney for Plaintiff


Joseph A. Yazbeck, Jr.

1 - ORDER

YAZBECK, CLORAN & BOWSER, PC
1300 S.W. Fifth Avenue, Suite 2750
Portland, Oregon 97201-5617

      Attorney for Defendant

HERNANDEZ, District Judge:

      Plaintiff Federal Home Loan Mortgage Corporation filed this action in Clackamas County Circuit Court. Defendants Robert and Leslie Lettenmaier removed the action to this Court on February 9, 2011. Plaintiff moved to remand the action, and sought attorney's fees and costs under 28 U.S.C. § 1447(c) for the time spent on the remand motion.

      In a March 21, 2001 Opinion & Order, I granted plaintiff's motion to remand the case back to state court. I deferred resolution of plaintiff's attorney's fee request until completion of briefing on that issue. With substantive memoranda from both defendants and plaintiff now filed, I deny plaintiff's request for attorney's fees.

## STANDARDS

      Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

      Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Rather, the court should assess "whether the relevant case law

clearly foreclosed the defendant's basis of removal" by examining the "clarity of the law at the time of removal." Id. at 1066; see also Patel v. Del Taco, Inc., 446 F.3d 996, 999-1000 (9th Cir. 2006) (suggesting that a frivolous basis for removal justifies an award of fees).

DISCUSSION

Plaintiff argues that defendants lacked an objectively reasonable basis upon which to remove the action to federal court because a different judge in this Court previously held that a forcible entry and detainer (FED) action is not removable. Specifically, the Findings and Recommendation entered by Judge Acosta in March 2010, rejected the argument that the value of the property sought by the plaintiff in an FED action can be used to satisfy the amount in controversy requirement under 28 U.S.C. § 1332. Bank of N.Y. v. Roberts, No. CV-09-1473-AC, 2010 WL 1839445, at *3 (D. Or. Mar. 8, 2010) (adopted by Judge Haggerty, May 6, 2010). Moreover, plaintiff notes that it specifically informed defendants' counsel of the relevant case citation and offered defendants the opportunity to stipulate to a remand before plaintiff its motion for remand. Under such circumstances, plaintiff argues that fees are appropriate under section 1447(c).

Defendants argue that they had a good faith belief that removal was proper under section 1332 because there was diversity of citizenship between the parties, and because the matter in controversy exceeded $75,000 based on the value of the property which plaintiff sought to recover in the FED action. Defendants also note that they supported their argument by citing to a recent case, Rinegard-Guirma v. Bank of America, No. CV-10-1065-PK, 2010 WL 3945476, at *5 (D. Or. Oct. 6, 2010), which, while not addressing a remand issue, did expressly state that the "loss of a home is a grievous injury" and thus, acknowledged that an FED action is more than

3 - ORDER

just a summary proceeding. Defendants contend that removal was not frivolous under such circumstances, and the mere fact that they lost their argument regarding the property's value satisfying the amount in controversy requirement is not sufficient to conclude that the removal was not objectively reasonable.

Fees are not appropriate in this case. While Judge Acosta's decision was brought to defendants' counsel attention before plaintiff filed its motion to remand, the decision of one district court judicial officer is not binding on another district court judicial officer. With only a single relevant decision issued by a member of this Court, it was not objectively unreasonable for defendants to make the argument rejected by Judge Acosta, to another judicial officer. Although I ultimately agreed with Judge Acosta's reasoning, defendants' attempt to persuade me to reach a different conclusion was not frivolous. Accordingly, there is no basis for an award of fees under the standard articulated in Martin.

## CONCLUSION

Plaintiff's motion for attorney's fees under 28 U.S.C. § 1447(c) [4] is denied.

IT IS SO ORDERED.

Dated this   5th   day of   April  , 2011

 /s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge

4 - ORDER